IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
Winchester Division

**ROBERT BELLAMY and**
**ROBERT TRAIL,**

    **Plaintiffs,**

**v.**

    No.: _____

**COFFEE COUNTY, TENNESSEE,**

    **JURY DEMAND**

    **Defendant.**

**COMPLAINT**

PLAINTIFFS, ROBERT BELLAMY and ROBERT TRAIL, bring this action against the Defendant.

## I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337. The Court has supplemental jurisdiction over Plaintiffs' state law claims. The Court has personal jurisdiction over Plaintiffs. The Court has personal jurisdiction over Defendant Coffee County, who is a governmental entity in the State of Tennessee.

3. Venue also lies in the Eastern District of Tennessee, pursuant to 28 U.S.C. § 1391, because a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Plaintiffs are former employees of Defendant. During their employment with Defendant, Plaintiffs are and have been covered employees under the FLSA.

5.  Defendant is a covered employer under the FLSA.

## II.  INTRODUCTION

6.  Plaintiffs bring this claim under the FLSA, 29 U.S.C. § 216(b) for unpaid overtime.

## III.  FACTUAL BASIS FOR SUIT

7.  Plaintiffs were employees of Defendant Coffee County, serving as judicial commissioners primarily issuing arrest warrants and search warrants.

8.  Plaintiff Bellamy worked for the Department from 2014 until he transferred to courthouse officer on March 16, 2021.

9.  Plaintiff Trail worked for the Department from 2013 until his retirement on December 23, 2020.

10.  From 2004 until January 1, 2020, employers were required to pay employees $455/week to satisfy the salary basis test for exempt employees under the FLSA.

11.  Beginning January 1, 2020, employers were required to pay employees $684/week to satisfy the salary basis test for exempt employees under the FLSA.

12.  In 2018, Defendant paid Plaintiff Bellamy $882.69 every two weeks.

13.  In 2019, Defendant paid Plaintiff Bellamy $882.69 every two weeks.

14.  In 2020, Defendant paid Plaintiff Bellamy $909.15 every two weeks.

15.  In 2021, Defendant paid Plaintiff Bellamy $1,118.15 every two weeks until his transfer.

16.  From January 1, 2018, to the date of Plaintiff Bellamy's retirement, Defendant did not pay Plaintiff Bellamy the minimum salary pursuant to the FLSA's salary basis test to qualify Plaintiff Bellamy as an "exempt" employee.

17.  Defendant paid Plaintiff Trail $13.97/hour, or $558.80/week.

18. From January 1, 2020, until Plaintiff Trail's retirement, Defendant did not pay Plaintiff Trail the minimum salary pursuant to the FLSA's salary basis test to qualify Plaintiff Trail as an "exempt" employee.

19. Plaintiffs regularly worked in excess of 40 hours per week.

20. In fact, Plaintiffs regularly worked 48-72 hours per week, depending on their schedule.

21. Plaintiffs were told on more than one occasion that they were "hourly" employees but would be paid as if they were "salaried" employees.

22. Pursuant to County policy, each County employee was to receive 13 days of paid holidays; however, Plaintiffs, as judicial commissioners, did not receive the 13 days of paid holidays.

23. Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

24. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107. In the alternative, employees of municipalities can be given comp time.

25. Plaintiffs were regularly and repeatedly not compensated for overtime hours worked.

26. For the time periods described herein, Defendant is not entitled to the benefits of any FLSA exemptions because they failed to satisfy the salary basis test.

27. Defendants' intentional failure to pay Plaintiff and other similarly situated employees overtime wages are willful violations of the FLSA.

## IV. CAUSES OF ACTION

### Count 1

28. The forgoing facts are incorporated by reference as if fully stated herein.

29. Plaintiffs bring the following cause of action against Defendant:

   A. Willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938; and

   B. Unjust enrichment/Quantum Meruit/Breach of Contract for unpaid wages, including holiday pay.

### VI. PRAYERS FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS pray for the following relief:

30. A declaratory judgment that Defendant has violated the overtime provisions of the FLSA,

31. U.S.C. § 207, as to Plaintiffs;

32. A declaratory judgment that Defendant's violations of the FLSA were willful;

33. An award to Plaintiffs in the amount of unpaid compensation to be proven at trial;

34. An award to Plaintiffs of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

35. An award to Plaintiffs of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b);

36. An award to Plaintiffs for failing to compensate them for 13 days of paid holidays pursuant to County policy;

37. A trial by jury.

38. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted this the 9th day of April, 2021.

                                          Respectfully submitted,

                                          /s/Terry A. Fann
Terry A. Fann (TN Bar No. 12968)
**Waldron,Fann & Parsley**
Terryfann@wfptnlaw.com
101 North Maple Street
Murfreesboro, TN 37130
(615)890-7365

&

/s/Kerry Knox
Kerry Knox (TN Bar No. 023302)
kek@castelliknox.com
117 South Academy Street
Murfreesboro, TN 37130
Telephone: (615) 896-1000
Facsimile: (615) 896-1027

5